DECISION AND JOURNAL ENTRY
These causes were heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, George Bailey, appeals from an order of the Lorain County Court of Common Pleas finding him to be a sexual predator. We affirm.
On April 29, 1998, Defendant was indicted on six counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3); three counts of gross sexual imposition, in violation of R.C.2907.05(A)(4); and two counts of rape, in violation of R.C.2907.02(A)(1)(b). Five of the counts against Defendant contained a specification that Defendant was a sexually violent predator. Following a bench trial, Defendant was found guilty of all nine counts of gross sexual imposition, but not guilty of rape. Defendant was sentenced to five years incarceration at Lorain Correctional Facility and was automatically classified as a sexual predator pursuant to 2950.09. Defendant timely appealed his designation as a sexual predator and has raised one assignment of error for review. We affirm.
ASSIGNMENT OF ERROR I
 The judgment finding [Defendant] to be a sexual predator violates [Defendant's] constitutional rights.
In his first assignment of error, Defendant has argued that the court's order finding him to be a sexual predator violates his constitutional rights. Specifically, Defendant has alleged that the designation constitutes cruel and unusual punishment, violates the ex post facto and retroactivity clauses of the United States Constitution and Ohio Constitution, and violates his constitutional rights to due process and privacy. The court has previously reviewed and rejected each of Defendant's arguments.State v. Byberg (June 2, 1999), Lorain App. No. 98CA007104, unreported; State v. Showalter (Apr. 7, 1999), Lorain App. No. 97CA006875, unreported; State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported. See also State v. Cook
(1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT
BATCHELDER, P.J., CARR, J., CONCUR